**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. _____

**WAYNE MOORE and KIMBERLY MOORE,**
 husband and wife,

    Plaintiffs,

v.

**NCL (BAHAMAS), LTD.,** a Bermuda Company,
d/b/a **NORWEGIAN CRUISE LINE,**

    Defendant,

_____ /

## COMPLAINT FOR DAMAGES

   Plaintiffs, WAYNE MOORE ("W. Moore") and KIMBERLY MOORE ("K. Moore"), husband and wife, (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby file their Complaint for Damages against Defendant, NCL (BAHAMAS), LTD., d/b/a NORWEGIAN CRUISE LINE ("NCL" or "Defendant"), and allege as follows:

## PARTIES, JURISDICTION & VENUE

   1.  This is an action for personal injury damages under general maritime law, and the laws of Florida as applicable.

   2.  The acts of negligence alleged as the cause of Plaintiffs' injuries occurred while Plaintiffs were traveling as cruise passengers aboard the Defendant's vessel while it was located on navigable waters.

   3.  Subject matter jurisdiction exists pursuant to 28 U.S.C. 1333, providing federal courts with jurisdiction over claims sounding in admiralty.

4.     Further, this action for damages exceeds the required minimal jurisdictional amount in controversy of $75,000.00 (Seventy-Five Thousand Dollars), excluding interest and costs, and is otherwise within the diversity jurisdiction of this Court pursuant to the requirements of 28 U.S.C. 1332.

5.     Subject matter jurisdiction exists pursuant to 28 U.S.C. 1332(a)(2), providing federal courts with jurisdiction for claims between citizens of a State and citizens or subjects of a foreign state.

6.     This Court has jurisdiction.

7.     At all times material, Plaintiffs W. MOORE and K. MOORE, husband and wife, were citizens, residents and domiciliaries of Nova Scotia, Canada, and maintained their principal and permanent residence at this location.

8.     Plaintiffs are individuals sui juris.

9.     At all times material, Defendant NCL was a Bermuda Company doing business in the State of Florida for the purpose of pecuniary profit and gain.

10.     At all times material, Defendant was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States, including Miami, Florida and the world. The Defendant derives substantial revenues from cruises originating and terminating in various ports in the State of Florida, including Miami-Dade, County, Florida.

11.     At all times material, Defendant was and is a foreign corporation with its worldwide headquarters, principal address, and principal place of business in Miami-Dade County, Florida, and which designates for service of process as follows: 7665 Corporate Center Drive, Miami, Florida 33126.

12.     Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Defendant maintains its base of operations in this District and is engaged in and doing business in Miami-Dade County, Florida.

13.     In addition, venue is proper against this Defendant in this Court, as the Guest Ticket Contract provided by the Defendant to the Plaintiffs contains a forum selection clause, which provides that the action shall be located before the "United States District Court for the Southern District in Miami-Dade County, Florida, U.S.A."  A true and correct copy of the Guest Ticket Contract is attached hereto as **Exhibit A**.

14.     Plaintiffs have complied with all conditions precedent to the filing of this lawsuit.

15.     Pursuant to section 10(a) of the Guest Ticket Contract, Plaintiffs delivered written notice of their claim, including a complete factual account of the basis of such claim, to Defendant within 185 calendar days from the date of the incident giving rise to such claim.

16.     Pursuant to section 10(a) of the Guest Ticket Contract, this lawsuit has been commenced within one (1) year from the date of the incident.[1]

## GENERAL ALLEGATIONS

17.     This is an action for the losses and harms arising from personal injuries sustained by Plaintiff, K. MOORE, as a result of stepping on and being punctured by a used and discarded hypodermic needle left on the floor of her stateroom's private balcony on the Norwegian Epic cruise ship.

18.     At all times material hereto Defendant owned, operated, managed, maintained and/or controlled the vessel known as "Norwegian Epic."

---

[1] On or about December 18, 2014, the parties entered into a tolling agreement extending the contractual limitation period for bringing suit through January 21, 2015.

RICHMAN GREER, P.A.
Miami ● West Palm Beach

19.     On or about December 21, 2013, Plaintiffs boarded the Norwegian Epic cruise ship in Miami, Florida for a two-week vacation traveling to the Caribbean and points beyond.

20.     On or about December 22, 2013 ("date of the incident"), Plaintiffs were fare-paying passengers lawfully and rightfully aboard the Norwegian Epic.

21.     On or about the morning of December 22, 2013, while Defendant's vessel was in navigable waters between Miami, Florida and the Caribbean, K. MOORE was stabbed and punctured by the hypodermic needle of a used syringe upon stepping out onto the Plaintiffs' private balcony on the Norwegian Epic.

22.     The used hypodermic needle attached to the syringe percutaneously punctured K. MOORE's foot and had to be removed from her skin, causing bodily injury and distress to K. MOORE and exposing her to a host of potential diseases such as HIV, Hepatitis and other bloodborne pathogens.

23.     As a result of Defendant's negligence, K. MOORE did incur pain and shock from the puncture wound; mental anguish and emotional distress, embarrassment, mortification, illness, outrage and anxiety from the potential exposure; and economic damages, including, without limitation, the cost of treatment for her injuries, past, present and future medical costs including prescription drug costs and anti-viral treatments, testing, and the cost of her pre-paid vacation and return travel—all in the past and continuing through present and into the future.

## COUNT I: NEGLIGENCE

Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs 1 through 23 as if set fully forth herein, and allege the following in addition:

24.     At all times material, and in particular on or about December 22, 2013, Defendant owed a duty to its passengers, and in particular to the Plaintiffs, to maintain and operate the vessel, Norwegian Epic, in a reasonable and safe condition and manner.

25.     At all times material, Defendant, personally and/or through its crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of care owed to the Plaintiffs and was negligent in one or more of the following ways:

    a.   Failing to warn Plaintiffs of a dangerous condition on the balcony floor;

    b.   Failing to take proper precautions for the safety of Plaintiffs using the balcony;

    c.   Failing to keep, repair and/or maintain the balcony floor in a reasonably safe condition;

    d.   Failing to properly inspect and maintain the balcony floor in a reasonably safe condition;

    e.   Failing to keep and maintain the balcony floor free of foreign objects;

    f.   Failing to have adequate policies and procedures in place for inspection and maintenance of the balcony floor;

    g.   Failing to remedy a dangerous condition which was known by the Defendant or which in the exercise of reasonable care should have been known by the Defendant;

    h.   Utilizing improper and/or inadequate cleaning and/or maintenance procedures on the balcony floor (including failing to inspect for and remove potentially life threatening and bio hazardous objects such as the hypodermic needle);

*Moore v. Norwegian Cruise Line*
Complaint for Damages

    i.   Failing to train its crewmembers (including cabin cleaners) in effective procedures used to minimize or eliminate exposure to bloodborne pathogens;

    j.   Failing to equip the passenger rooms and common areas on the ship with reasonably accessible "Sharps" containers for the safe disposal of hypodermic needles and other similar objects;

    k.   Failing to investigate this incident in any manner to determine the identity of the individual who may have left the exposed hypodermic needle on the balcony;

    l.   Failing to test the hypodermic needle and provide the results of any testing performed to K. MOORE or her physicians; and/or

    m.   All other acts or omissions which may be revealed through discovery.

26.    As a direct and proximate result of the aforementioned carelessness and negligence of the Defendant, K. MOORE suffered bodily injury and distress.

27.    The bodily injuries and distress sustained by K. MOORE were not due solely to the negligence, wrongful act or omission of a third party.

28.    Defendant created and/or should have known of and/or should have prevented the above-described conditions through the exercise of reasonable care.

29.    As a result of the percutaneous puncture of her foot by the hypodermic needle, K. MOORE did sustain a physical injury coupled with the attendant mental distress, shock, mortification, sickness and illness, outrage, embarrassment and anxiety from natural sequela of possible exposure to HIV, Hepatitis and other pathogens, in addition to the economic damages she has incurred.

RICHMAN GREER, P.A.
Miami ● West Palm Beach

*Moore v. Norwegian Cruise Line*
Complaint for Damages

30.     By reason of the negligence of the Defendant, K. MOORE was obliged to and did necessarily seek and obtain medical aid and attention.

31.     On the date of the incident, following the needle stick, K. MOORE attended the medical center onboard the cruise ship.

32.     The ship's doctor, Dr. Ana Carolina Escobar Amariles, cleaned the wound, administered a tetanus shot, and placed K. MOORE on a protocol of powerful drugs used to help combat against the transmission of the Human Immunodeficiency Virus (HIV) / AIDS virus and other viral conditions.

33.     The anti-viral medication caused serious side effects, and upon taking the medication K. MOORE became increasingly dizzy and nauseated.

34.     The anti-viral medication interfered with K. MOORE's existing prescription for hypertension medication and/or caused K. MOORE to experience substantial fear, concern, anxiety, and distress over the potential interference with her hypertension medication.

35.     The traumatic needle-stick incident, resulting bodily injury, fear of potential exposure, and ensuing treatment complications and concerns adversely affected K. MOORE's blood pressure, making it medically necessary for her to disembark the Norwegian Epic and seek follow-up care from her primary physician, per the recommendation of the ship's doctor.

36.     As a result, Plaintiffs were forced to end their vacation just four (4) days in to a scheduled two-week vacation.

37.     As a direct, proximate and foreseeable result of Defendant's negligence, Plaintiffs personally incurred the expense of flying home to Canada from St. Maarten at significant personal cost.

RICHMAN GREER, P.A.
Miami ● West Palm Beach

38.     As a direct, proximate and foreseeable result of Defendant's negligence, Plaintiffs did not receive the full benefit of the cruise which they had booked on the Norwegian Epic.

39.     As a direct, proximate and foreseeable result of Defendant's negligence, Plaintiffs were unable to continue their pre-paid vacation at a resort destination the following week.

40.     Based on the foregoing, Defendant is liable to Plaintiffs, and Plaintiffs are entitled to receive as special damages full, fair and just compensation for the cost of the two lost vacation packages, as well as airfare from St. Maarten to Nova Scotia, Canada.

41.     As a result of the bodily injury and distress caused by Defendant's negligence, K. MOORE did incur pain and shock from the puncture wound, mental anguish and emotional distress, embarrassment, mortification, illness, outrage and anxiety from the potential exposure.

42.     As a result of the bodily injury and distress caused by Defendant's negligence, K. MOORE sustained damages, including, without limitation, the cost of treatment for her injuries; past, present and future medical costs including prescription drug costs, anti-viral treatments and testing; pain and suffering, mental anguish and emotional distress, and loss of enjoyment of life—all in the past and continuing through present and into the future.

43.     Based on the foregoing, Defendant is liable to K. MOORE and she is entitled to receive full, fair and just compensation for her injuries and damages.

44.     By reason of the negligence of the Defendant, Plaintiffs have suffered damages in excess of the minimum jurisdictional limits of this Court.

**WHEREFORE**, Plaintiffs, WAYNE MOORE and KIMBERLY MOORE, request this Honorable Court to enter judgment in their favor and against Defendant, NCL (BAHAMAS), LTD., d/b/a NORWEGIAN CRUISE LINE, awarding damages that will fully and fairly compensate their injuries, losses and harms incurred to date as well as the future losses and

harms, plus costs, interest, reasonable attorney fees, and all other relief that this Court deems just and proper.  Plaintiffs request trial by jury on all issues so triable.

## <u>COUNT II: LOSS OF CONSORTIUM</u>

Plaintiffs repeat, reiterate and re-allege each and every allegation in the above-stated paragraphs as if set fully forth herein, and allege the following in addition:

1.     Plaintiff W. MOORE is now and was at all times relevant to this complaint the lawful husband of Plaintiff K. MOORE.

2.     As a direct, proximate and foreseeable result of the above described acts or omissions of the Defendant, Plaintiff W. MOORE has in the past and will in the future suffer diminishment of his wife's companionship, society, and consortium and has in the past and will in the future incur medical expenses for his care, treatment and medical testing.  These damages were the direct and proximate result of the acts and omissions of Defendant.

**WHEREFORE**, Plaintiff WAYNE MOORE requests this Honorable Court award him damages that will fully and fairly compensate him the injuries, losses and harms incurred to date as well as the future losses and harms, plus costs, interest, reasonable attorney fees, and all other relief that this Court deems just and proper. Plaintiffs request trial by jury on all issues so triable.

Dated: January 8, 2015                    Respectfully submitted,

*/s/ Eric M. Sodhi*
**Eric M. Sodhi**
Florida Bar No. 0583871
esodhi@richmangreer.com
mramirez@richmangreer.com
**Georgia A. Buckhalter**
Florida Bar No. 100181
gbuckhalter@richmangreer.com
cvaldeon@richmangreer.com

*Moore v. Norwegian Cruise Line*
Complaint for Damages

**RICHMAN GREER, P.A.**
*Counsel for Plaintiffs*
396 Alhambra Circle
North Tower, 14th Floor
Miami, FL 33134
Telephone: 305.373.4000
Facsimile:  305.373.4099